Jo Ann TSAKALOS, Plaintiff
and Appellant,

v.

OGDEN CITY, a body politic, Cowles
Mallory, Ogden City Manager, and
John Sampson, Stephen Denkers and
Lynn Cottrell, Ogden City Civil Service
Commissioners, Defendants and Re-
spondents.

OGDEN CITY, a municipal corporation,
Third-Party Plaintiff and
Respondent,

v.

STATE of Utah, Third-Party Defendant
and Respondent.

No. 19656.

Supreme Court of Utah.

April 14, 1987.

Rehearing Denied May 25, 1987.

Brian R. Florence, Ogden, for plaintiff
and appellant.

Timothy W. Blackburn, Ogden, David L.
Wilkinson, Atty. Gen., Stephen G. Schwen-
diman, Asst. Atty. Gen., Salt Lake City, for
defendants and respondents.

DURHAM, Justice:

Jo Ann Tsakalos ("Tsakalos") appeals
from a district court decision affirming a
decision of the Ogden City Civil Service
Commission ("CSC") terminating her em-
ployment with the city. The CSC action
resulted from an ex parte order of the
Third Circuit Court, which Tsakalos claims
was issued in violation of her civil service
employment rights. We affirm.

Tsakalos became employed by Ogden
City in 1975 as a court clerk and was in a
supervisory position at the time of her ter-
mination. On March 4, 1983, she was sus-
pended for fifteen days pending an investi-
gation of allegations that she had tampered
with court records. The Ogden City Man-
ager conducted a hearing and found that
Tsakalos had withheld from the Drivers
License Division information about traffic
citations she and her relatives had received.
On March 21, he ordered that she be de-
moted to a lower civil service classification.

Based on the results of the administra-
tive investigation and hearing, the Board of
Judges of the Third Circuit Court issued an
order prohibiting Tsakalos from perform-
ing any function related to court records.
This order had the practical effect of mak-
ing Tsakalos ineligible for any employment
in the clerk's office. On April 7, the city
manager amended his order in accord with
the Board of Judges' order and, finding
that there were no other civil service posi-
tions open for which Tsakalos was quali-
fied, placed her on inactive, unpaid status.
She appealed this decision to the CSC,

which sustained the order of the city manager. She then appealed to the district court, which affirmed the decision of the CSC.

On appeal to this Court, Tsakalos argues that the circuit court judges' ex parte order violated her statutory and civil service employment rights. However, the circuit court judges who issued the order are employees of the state,[1] not of the city of Ogden, and their actions are not attributable to the city. Neither the Third Circuit Court nor any of its judges were named as defendants in this action. Tsakalos does not argue that the city of Ogden, the CSC, or the city manager issued any orders or engaged in any activity that violated her rights, and the record does not disclose improper action by any of them. Therefore, we need not reach the question of the legality of the circuit court order because the named defendants could not be held responsible for the order or its consequences. The named defendants could not be liable for the alleged injury to Tsakalos' employment rights; therefore, we affirm the decision of the district court.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., concurs in the result.

---

1. The state of Utah is a party to this action only because Ogden City filed a third-party complaint against the State seeking indemnification from the State if Tsakalos prevailed over Ogden City. Tsakalos did not sue the State.